## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LPP MORTGAGE LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 14-277** |
| | ) | |
| **PETE WOLFF, III, Individually and d/b/a** | ) | |
| **WOLFF MOTOR COMPANY; KAREN** | ) | |
| **WOLFF; and WOLFF BROADCASTING** | ) | |
| **CORP.,** | ) | |
| | | |
| **Defendants.** | | |

## COMPLAINT

**COMES NOW**, Plaintiff LPP Mortgage Ltd. ("LPP"), successor by assignment from Property Acceptance Corporation, successor by assignment from Beal Bank, successor by assignment from the Federal Deposit Insurance Corporation as Receiver for New South Federal Savings Bank ("New South"), and states the following for its complaint against Defendants Pete Wolff, III, Individually, and d/b/a Wolff Motor Company (the "Borrower"); Karen Wolff; and Wolff Broadcasting Corp. (the "Guarantors"):

## PARTIES

1.     LPP is a Texas limited partnership, none of whose partners are residents of Alabama.

2.     LPP is the ultimate successor by assignment of certain assets of New South, pursuant to the terms of a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation, which was acting as Receiver for New South.

3.     Upon information and belief, Pete Wolff, III is a resident of Evergreen, Alabama and is over the age of nineteen (19) years.

4.     Upon information and belief, Pete Wolff, III does or did business as Wolff Motor Company in Evergreen, Alabama.

5.     Upon information and belief, Karen Wolff is a resident of Evergreen, Alabama and is over the age of nineteen (19) years.

6.     Upon information and belief, Wolff Broadcasting Corp. is an Alabama corporation with its principal place of business in Evergreen, Alabama.

7.     The Real Property (as defined hereinafter) is located in Baldwin County, Alabama.

## THE PROPERTY

8.     The property that is the subject matter of this claim for judicial foreclosure consists of Borrower's and Guarantor Karen Wolff's real property located in Baldwin County, Alabama at Lot 42, Ono Island Subdivision, Unit 10, according to map or plat thereof recorded in Map Book 11, page 132 of the records in the Office of the Judge of Probate of Baldwin County, Alabama.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the events giving rise to the causes of action took place in this district and division and all resident Defendants are subject to the personal jurisdiction of this Court.

## FACTS

11.    On or about November 3, 1999, New South made a loan (the "Loan") in the original principal amount of $200,000.00 to Borrower.

12.    Said Loan was evidenced by that certain Revolving Note dated November 3, 1999 (the "1999 Note") (attached as Exhibit "A") in the original principal amount of $200,000.00 executed by Borrower in favor of New South.

13.    Guarantor Karen Wolff also executed the 1999 Note as a guarantor but is not named in the body of the 1999 Note as a borrower.

14.    The 1999 Note was extended and renewed by that certain Revolving Note dated December 15, 2005 (the "Renewal Note") (attached as Exhibit "B") and executed by the Borrower in favor of New South. Collectively, the 1999 Note and the Renewal Note will be referred to as the "Note."

15.    Guarantor Karen Wolff also executed the Renewal Note as a guarantor but is not named in the body of the Renewal Note as a borrower.

16.    The Note matured on December 15, 2010 (the "Maturity Date"), pursuant to the terms of the First Amendment to the Note (attached as Exhibit "C").

17.    In order to secure Borrower's Loan obligations, Borrower executed that certain Mortgage and Security Agreement (attached as Exhibit "D"), dated November 3, 1999, in favor of New South.

18.    Guarantor Karen Wolff also executed said Mortgage and Security Agreement, as a co-mortgagor.

19.    Pursuant to the terms of said Mortgage and Security Agreement, Borrower and Guarantor Karen Wolff pledged to New South their interest in the Real Property. The Mortgage

is recorded in the Probate Office of Baldwin County, Alabama as Instrument Number 519882, as assigned pursuant to those certain Assignments of Mortgage and Security Agreement recorded in the Probate Office as Instrument Numbers 1398449, 1398451, and 1398453 (as assigned, the "Mortgage").

20.     Guarantor Karen Wolff executed a Guaranty Agreement on or around June 2, 2008 to "unconditionally guarantee the payment to the Bank promptly when due, whether by acceleration or otherwise, of all Obligations of the Borrower to the Bank." A true and correct copy of this Guaranty Agreement is attached as Exhibit "E."

21.     Guarantor Wolff Broadcasting Corp. (signing as "Wolff Broadcasting, Inc.") executed a Guaranty Agreement on or around June 2, 2008 to "unconditionally guarantee the payment to the Bank promptly when due, whether by acceleration or otherwise, of all Obligations of the Borrower to the Bank." Wolff Broadcasting Corp. is sometimes referred to in the Loan Documents as "Wolff Broadcasting, Inc." A true and correct copy of this Guaranty Agreement is attached as Exhibit "F." Collectively, the Note, Mortgage, Guaranty Agreements, and all other documents evidencing, governing, guarantying, securing, or otherwise relating to the Loan, as the same may from time to time be amended, consolidated, renewed, restated, or replaced, may hereinafter be referred to as the "Loan Documents."

22.     Borrower defaulted under the terms of the Loan Documents by failing to satisfy his obligations under the Loan in full on or before the Maturity Date (the "Default"), thus rendering the entire balance owed thereunder immediately due and payable.

23.     By letter dated August 9, 2013, LPP notified Borrower and Guarantors of the Default and demanded that payment be tendered in full no later than August 29, 2013.  A true and correct copy of the August 9, 2013 letter is attached hereto as Exhibit "G."

- 4 -

24.     As of June 9, 2014, the total amount due under the Loan was $221,239.40, which is comprised of $169,835.40 in principal, $48,006.81 in accrued interest, $3,146.49 in insurance costs, and $250.70 in appraisal fees.  Interest continues to accrue at a per diem rate of $37.74. The aggregate amount of the principal, accrued interest, and late charges owed under the Loan shall hereinafter be referred to as the "Indebtedness."

25.     In addition, pursuant to the Loan Documents, Defendants are obligated to reimburse LPP for costs and expenses incurred by LPP in connection with Borrower's obligations to LPP, including without limitation, attorneys' fees and other costs of collection (the "Costs"; together with the Indebtedness, the "Obligations").

26.     Pursuant to Alabama law, LPP is entitled to proceed by a suit at law or in equity to foreclose its Mortgage on the Real Property.

### COUNT I
### ACTION TO JUDICALLY FORECLOSE MORTGAGE

27.     LPP adopts and incorporates paragraphs 1–26 as if fully set forth herein.

28.     This is an action to judicially foreclose a mortgage encumbering real property located in Baldwin County, Alabama.

29.     LPP is the owner and holder of the Loan Documents, including the Note and Mortgage.

30.     Borrower has breached the Note by failing to satisfy his obligations in full under the Loan at or before the Maturity Date.

31.     LPP declares the entire amount payable under the Note to be due.

32.     Borrower and Guarantor Karen Wolff are the owners of record of the Real Property and hold possession of the Real Property.

33.    Borrower owes LPP the amounts stated in Paragraph 24, plus interest from June 9, 2014, and costs and expenses incurred by LPP in connection with Borrower's obligations to LPP, including without limitation, attorneys' fees and other costs of collection.

34.    All conditions precedent to the maturation of the Note and the foreclosure of the Mortgage either have been performed or have occurred.

WHEREFORE, LPP respectfully requests that:

A.    this Court assume jurisdiction of the subject matter of this action and the parties hereto;

B.    this Court ascertain the amount of money due LPP in principal, interest and all other amounts pursuant to the Loan Documents, including attorneys' fees;

C.    this Court enter a judgment foreclosing the Mortgage and schedule a judicial foreclosure sale of the Real Property;

D.    this Court retain jurisdiction to hear any other matters or enter any other orders related to this action which appear proper, including appointing a receiver or the entry of a deficiency judgment; and

E.    this Court grant such other and further relief as is just and proper.

## COUNT II
## BREACH OF CONTRACT – NOTE

35.    LPP adopts and incorporates paragraphs 1–34 as if fully set forth herein.

36.    On November 3, 1999, Borrower executed the Note in favor of New South.

37.    LPP now owns and holds the Note, through its succession by assignment from New South.

38.    LPP performed all conditions precedent to be performed by LPP, and/or the conditions have occurred.

39.     Borrower defaulted under the terms of the Loan Documents by failing to satisfy his obligations in full under the Loan at or before the Maturity Date.

40.     LPP declares the full amount payable under the Note.

41.     Borrower and/or Guarantors owe LPP those sums of money set forth in Paragraph 24 above, pursuant to the Note.

**WHEREFORE**, LPP demands judgment against Borrower and/or Guarantors in the amount of $221,239.40, plus attorneys' fees, interest, and the cost of this action.

Respectfully submitted,

ARMBRECHT JACKSON, LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

By:   _/s/ Edward A. Dean_____
        EDWARD A. DEAN (DEANE7810)
        J. HARRIS OPPENHEIMER (OPPEJ3472)

Attorneys for Plaintiff LPP Mortgage, Ltd.

**PLEASE SERVE DEFENDANTS AS FOLLOWS**:

Pete Wolff, III
109 Merriewood Drive
Evergreen, Alabama 36401

Karen Wolff
109 Merriewood Drive
Evergreen, Alabama 36401

Wolff Broadcasting Corp.
Post Office Box 350
Evergreen, Alabama 36401